UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BERNELL HILL,

    Plaintiff,

    v.      CAUSE NO.: 3:24-CV-22-PPS-APR

WCCF, *et al.*,

    Defendants.

OPINION AND ORDER

Bernell Hill, a prisoner without a lawyer, filed a case-initiating document labeled, "Extraordinary Writ for Injunctive Relief," in which he claims to have untreated medical problems. (ECF 1.) "A document filed pro se is to be liberally construed," and so I will construe this filing as a complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As required by 28 U.S.C. § 1915A, I must screen Mr. Hill's pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Mr. Hill is an inmate at Westville Correctional Facility ("Westville"). He claims to have an intestinal disorder that is causing him abdominal pain, diarrhea, bloody stools,

and other symptoms. He states the problem is so severe that he "cannot keep any food down for longer than 20-30 minutes" and spends much of his day on the toilet. (ECF 1 at 2.) It can be discerned from his allegations that medical staff have tried several medications to address his symptoms,[1] but he claims the medications are not "helping . . . at all." (*Id.* at 2.) He requests to be sent to an outside specialist or for other treatment to address the problem.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the violation of this right, a prisoner must allege: (1) he had an objectively seriously medical need; and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). However, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id.*

On the second prong, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020). Instead, the inmate must allege "a

---

[1] He mentions that he also receives insulin, apparently for treatment of diabetes.

2

culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (quotation marks omitted). At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Delay in responding to an inmate's serious medical condition can reflect deliberate indifference, particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). Additionally, persisting with a course of treatment known to be ineffective can constitute deliberate indifference. *Berry*, 604 F.3d at 441.

Giving Mr. Hill the inferences to which he is entitled, he has plausibly alleged a serious medical need. On the subjective prong, he does not identify any medical professional making decisions regarding his care. Instead, the only defendants he names are the prison itself and the Warden of Westville. The prison is a physical structure, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). As for the Warden, it appears Mr. Hill is trying to hold him liable because he is the top official at the prison. However, liability under 42 U.S.C. § 1983 is based on personal responsibility, and the Warden cannot be held liable for damages solely

3

because of his position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is insufficient factual content from which I could infer that the Warden was personally involved in Mr. Hill's medical care or that he somehow stood in the way of him receiving care by medical staff. He has not stated a claim for damages against the Warden.

Nevertheless, he claims that he is currently in need of additional medical care to treat his symptoms. The Warden is a proper defendant to ensure that inmates in his custody receive adequate medical care for serious medical conditions as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Hill will be permitted to proceed against the Warden in his official capacity to obtain injunctive relief needed to address the problems he describes.

I understand his filing to be requesting preliminary injunctive relief while this case is pending. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original, citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a

mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotation marks omitted). In assessing the merits, I do not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, I must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions "requiring an affirmative act by the defendant" like the one Mr. Hill seeks are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). In the prison context, my ability to grant injunctive relief is particularly limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in the correctional setting).

At present, I only have Mr. Hill's version of events, and while his account is disturbing, it is difficult to assess on the limited record whether medical staff have been deliberately indifferent to his condition. He acknowledges that medical staff have been trying different medications to address his symptoms,[2] and the Eighth Amendment does not "guarantee success" in the treatment of a particular condition. *Jones v. Sood*, 123 F. App'x 729, 731 (7th Cir. 2005). Rather, it requires that reasonable measures be taken to address a risk of harm. *Forbes*, 112 F.3d at 267.  It is also not entirely clear how long he has been in the care of medical staff at Westville, as he mentions having been at two other Indiana Department of Correction facilities since 2020. In light of these considerations, I will order the Warden to respond before taking further action on his request for preliminary injunctive relief.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against the Warden of Westville Correctional Facility in his official capacity to obtain needed medical care for an intestinal disorder as required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES WCCF as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

---

[2] He reports having taken so many different medications that he is starting to feel like a "guinea pig." (ECF 1 at 3.)

the Warden of Westville Correctional Facility by email to the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(5) DIRECTS the clerk to fax or email a copy of the same documents to the Warden of Westville Correctional Facility at Westville Correctional Facility;

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(7) ORDERS the Warden to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **February 16, 2024**, with supporting documentation and declarations from staff as necessary, addressing the plaintiff's current need medical condition, what treatment has been provided to date, and what additional treatment (if any) is contemplated; and

(8) ORDERS the Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: January 16, 2024.

>/s/ Philip P. Simon
>PHILIP P. SIMON, JUDGE
>UNITED STATES DISTRICT COURT