UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BERNELL HILL,

    Plaintiff,

    v.                                  CAUSE NO. 3:24-CV-22-PPS-APR

WARDEN,

    Defendant.

## OPINION AND ORDER

Bernell Hill, a prisoner without a lawyer, is proceeding in this case against "the Warden of Westville Correctional Facility in his official capacity to obtain needed medical care for an intestinal disorder as required by the Eighth Amendment[.]" ECF 3 at 6. Specifically, Hill alleged in his complaint he was receiving constitutionally inadequate medical care for an ongoing intestinal disorder. *Id.* at 1-2. On May 3, 2024, the warden filed a motion for summary judgment, arguing Hill didn't exhaust his administrative remedies before filing this lawsuit. ECF 15. With the motion, the warden provided Hill the notice required by N.D. Ind. L.R. 56-1(f). ECF 17. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to

evidence supporting each dispute of fact. When Hill did not timely file a response, I issued a reminder that failure to file a response to the motion for summary judgment could result in the Court summarily ruling on this matter, and extended the time for him to respond to December 11, 2024. ECF 20. To date, no response has been filed. Therefore I will now rule on the warden's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999), *overruled on*

*other grounds by Booth v. Churne*r, 532 U.S. 731 (2001). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (quotation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* (quotation omitted).

The warden provides an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF") and Hill's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at WCF. ECF 15-3 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I written appeal to the warden; and (3) a Level II written appeal to the Department Grievance Manager. *Id.*; ECF 15-2 at 3. Hill's grievance records show he never submitted any grievance at WCF related to his claim that he was receiving constitutionally inadequate medical care for his intestinal disorder. ECF 15-3 at 5-6. Specifically, Hill's grievance records show he has submitted only two grievances at WCF, neither of which complained he was receiving inadequate medical care for his intestinal disorder. *Id.*; ECF 15-1; ECF 15-4; ECF 15-5.

Here, the warden has met his burden to show Hill didn't exhaust his available administrative remedies before filing this lawsuit, as he provides undisputed evidence

---

[1] Because Hill has not responded to the warden's summary judgment motion, I accept the Grievance Specialist's attestations and the contents of Hill's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Hill never submitted any grievance at WCF related to his claim he's receiving constitutionally inadequate medical care for his intestinal disorder. Hill does not argue or provide any evidence his administrative remedies were in any way unavailable. Therefore, because the undisputed facts show Hill did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in favor of the warden. But pursuant to *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), dismissal of the case will be without prejudice.

For these reasons, the court:

(1) GRANTS the warden's summary judgment motion (ECF 15);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of the warden and against Bernell Hill and to close this case.

SO ORDERED.

ENTERED: January 2, 2025.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT